IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKIE McCOY, SR.,                          *

Plaintiff                                    *

v                                            *        Civil Action No. JFM-16-0090

MARYLAND DEPARTMENT OF PUBLIC                *
SAFETY AND CORRECTIONAL
SERVICES, *et al.*,                          *

Defendants                                   *

                                        ***

## MEMORANDUM

Pending is a motion to dismiss, or alternatively, for summary judgment filed by

Defendants  Maryland Department of Public Safety and Correctional Services ("DPSCS"),

former Secretary Gary Maynard, and former Secretary Gregg Hershberger.[1]  ECF 30.  Plaintiff

has responded.  ECF 33.[2]  Upon review of the pleadings filed, the court finds a hearing in this

matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below,

defendants' dispositive motion will be GRANTED.

### I. Complaint Allegations

Plaintiff Frankie McCoy, an inmate currently confined at the Maryland Correctional

Institution ("MCI-J") in Jessup, Maryland, filed the instant complaint in the United States

District Court for the District of Columbia alleging that his rights under the Americans with

---

[1]    The complaint was docketed as to DSPSCS, Maynard and Hershberger.  Review of the facts of the
complaint reveals that plaintiff intended to name as additional defendants former Commissioner Stouffer, former
Warden Dayena Corcoran, Assistant Warden Laura Armstead, CEO of Maryland Correctional Enterprises Shiloh,
Correctional Officers Bivens, Nivens, Washington, Henry, Osles, Gatewood, Kramo, Daughtery, Bailey, Fliggins,
Mackall, and White, along with social workers Rembraundt and Carya. The Clerk shall be directed to amend the
docket to reflect these additional defendants.  For the reasons that follow, plaintiff's complaint against them is
subject to dismissal.

[2]    Citations are to the court's electronic docket.

Disabilities Act, the Rehabilitation Act, and 42 U.S.C. § 1983 were violated. ECF 1, p. 1. The case was subsequently transferred to this court. ECF 5.

Plaintiff states that his numerous physical disabilities have not been accommodated. He claims that defendants Maynard, Hershberger and Stouffer, in their capacities as high-ranking roles within the Department of Corrections, were aware of the denial of accommodations for plaintiff's disabilities and failed to take corrective action. ECF 1, p. 6. Plaintiff states that Shiloh has consistently denied plaintiff the opportunity to work. *Id.* He alleges that Corcoran and Armstead established policies that discriminated against disabled prisoners. *Id.* He further alleges that Corcoran and Armstead denied plaintiff's requests for ADA and Rehabilitation Act accommodations. *Id.*, p. 7. Plaintiff states that correctional officers Bivens, Nivens, Washington, Henry, Osles, Gatewood and Kramo failed to follow DPSCS regulations regarding transportation of disabled persons causing him injury. *Id.* He alleges that correctional officers Daugherty, Bailey, and social workers Rembraund and Carya also denied plaintiff's disability accommodations and excluded him from participating in services and programming. *Id.* He claims that dietary personnel Bailey, Fliggins, Macall, and White have interfered with medications and nutritional accommodations deemed necessary by physicians and/or nutritionists. *Id.*

Plaintiff specifies that over the past five years he has been denied access to the telephone so that he can adequately communicate with family, friends, legal counsel, and others. *Id.*, p. 8. He alleges he has been denied access to a handicapped accessible cell and shower, and his request for "safety strips" to improve traction in his housing unit has also been denied. *Id.*, pp. 8-9. Plaintiff alleges his nutrition and digestive disorders have been ignored. *Id.* He claims that

during transport he has been improperly secured and denied access to bathroom facilities. *Id.* Plaintiff claims that his opportunity to be employed, earn diminution credits, and to access programming have all been adversely impacted by his disability, without accommodation. *Id.*, p. 9.

## II. Defendants' Response

Defendants note that plaintiff has filed two grievances with the Inmate Grievance Office (IGO) since December 1, 2012, regarding MCIJ's alleged failure to accommodate his disability. ECF 30-1, Ex. 1, ¶¶ 2-3. Neverdon Decl.).

On July 9, 2014, plaintiff filed an appeal to the IGO regarding the disposition of ARP-MCI-J-0305-14 wherein plaintiff complained of the conditions of his confinement. He asserted that a "Settlement-Agreement and Release" had been violated. *Id.*, ¶3.a. The grievance was dismissed on December 15, 2014, after plaintiff failed to supplement his filing as directed by IGO personnel.

On May 23, 2016, plaintiff filed IGO No. 20160901, requesting follow-up medical care regarding an ongoing medical need which he claimed was being ignored. *Id.*, ¶3.b. The IGO appeal was dismissed on July 1, 2016, as beyond the jurisdiction of the IGO, as it constituted a complaint against medical staff rather than employees of the Division of Correction. *Id.*

## III. Pending Non-Dispositive Motions

A.    Amended Complaints

The instant complaint was instituted by plaintiff in the United States District Court of the District of Columbia on December 8, 2015, raising the claims articulated above. ECF 1. Plaintiff is a frequent litigator in this court, and due to his high volume of filings is limited to

3

litigating one case at a time on this court's docket.  After the case was transferred to this court, plaintiff filed motions to stay proceedings (ECF 8 & 11) wherein he sought to have the case stayed until he felt he could proceed with the matter while managing his other litigation and medical concerns.  The motions were denied and plaintiff was directed to advise the court how he wished to proceed. ECF 13.  He indicated that he wanted this case to proceed. ECF 15.

Thereafter, on June 15, 2016, plaintiff filed an amended complaint raising unrelated claims against Sgt. Fisher and Warden Corcoran.  In the amendment, he stated that on January 21, 2013, he was awakened to his cell being flooded.  ECF 16, p. 4.  Plaintiff claimed that he and his cellmate called for Sgt. Fisher to unlock the cell door, to no avail.  He stated he was trapped in his cell with ankle deep water on the floor for over an hour, and he slipped and fell twice due to these conditions, incurring additional injury. After receipt of defendants' dispositive motion, plaintiff again attempted to file an amended complaint raising these same allegations against Fisher and Corcoran regarding injuries arising from the flooding of his cell.  ECF 35.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Rule 15 dictates that "[t]he court should freely give leave when justice so requires."  *Id.*  Further, Fed R. Civ. P. 15(c)(1)(A) permits an amendment to a pleading to relate back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back."

4

The complaint was filed pursuant to 42 U.S.C. §1983, which does not contain a statute of limitation provision. Section 1983 provides a federal cause of action, but looks to the law of the State in which the cause of action arose, specifically relying on the statute of limitations that each state provides for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Pro. Code § 5-101. Thus, Maryland law controls whether plaintiff's proposed amended complaint naming Fisher as a defendant will relate back to the date the original complaint was filed.

Under Maryland law, an amendment naming an entirely new party does not relate back to the time of filing of the original complaint for purposes of a statute of limitations defense. *See Talbott v. Gegenheimer*, 237 Md. 62, 63 (Dec. 7, 1964) (noting that where the new party named is not the correction of a mere misnomer or change in theory of liability, the amendment does not relate back). "A plaintiff is not permitted to add a new defendant to a case after the limitations period has expired except to correct the name of a defendant." *Hansberger v. Smith*, 229 Md. App. 1, 23 (2016), citing *Talbott*, 237 Md. at 63. As such, plaintiff's amended complaint against Fisher cannot proceed.

Plaintiff's amended complaint against Corcoran regarding the flooding in his cell also may not proceed. Even if the complaint were proper and relation back permitted, the claim is a futility. Where a proposed amendment to the complaint appears to be a futility, this court has the discretion to deny leave to amend. Liability under §1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Plaintiff does not attribute any action or inaction to Corcoran regarding the

5

injuries arising from the flooding of his cell. Other than being named in the complaint caption, Corcoran is not mentioned anywhere in the factual allegations of the complaint. To the extent plaintiff intended to hold Corcoran liable as a supervisor, it is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983).

These "amended" complaint allegations are wholly unrelated to the original complaint filed, have not been addressed by defendants, are not properly before the court, and shall not be further considered.

B.    Requests for Default Judgment

Plaintiff's "Motion for Default Judgment" (ECF 39) shall be denied. Plaintiff indicates that Defendants Sgt. M. Fisher and Dayena Corcoran have not filed any answer to the complaint. As previously noted the complaint was not docketed as to Dayena Corcoran upon its filing and Corcoran has not been served. Plaintiff's effort to amend his complaint to add Fisher for claims unrelated to the initial filing has not been allowed. In sum, neither Corcoran nor Fisher have been served with the complaint and default judgment against either of them is improper.

C.    Motions to Appoint Counsel

As plaintiff has previously been advised, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[3] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.

---

[3]    Under §1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

*See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1). Plaintiff's motions to appoint counsel (ECF 40 & 41) are denied.

### IV. Dispositive Motion Standard of Review

#### A.    Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require Defendant to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

#### B.    Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that
> there is no genuine dispute as to any material fact and the movant
> is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## V. Analysis

Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a).[4] *See Ross v. Blake,* _ U.S._, 136 S.Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). This requirement is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 93 (2006). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008).

---

[4] The Supreme Court has emphasized that "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Woodford v. Ngo,* 548 U.S. at 85. 42 U.S.C. § 1997e requires administrative exhaustion before filing claims under the ADA or Rehabilitation Act. *See O'Guinn v. Lovelock Correctional Center,* 502 F.3d 1056, 1061-62 (9th Cir. 2007).

Exhaustion is mandatory. *Ross*, 136 S.Ct. at 1857, *Jones v. Bock*, 549 U.S. 199, 219 (2007). A court may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856, citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion"). The purpose of exhaustion is to: 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Jones*, 549 U.S. at 219. An inmate's failure to exhaust administrative remedies is an affirmative defense; Defendant bears the burden of proving that he had remedies available to him of which he failed to take advantage. *Jones*, 549 U.S. at 211–12, 216; *Moore*, 517 F.3d at 725.

In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court of the United States identified three kinds of circumstances in which an administrative remedy is unavailable. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.*. The third circumstance arises when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

In Maryland, filing a request for administrative remedy ("ARP") with the warden of the prison is the first of three steps in the ARP process. *See* Code of Md Regs. ("COMAR"), tit. 12 §07.01.04. The ARP request must be filed within 30 days of the date on which the incident

occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR, tit. 12 §07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. COMAR, tit. 12 §07.01.05C. If the appeal is denied, the prisoner has 30 days to file a grievance with the Inmate Grievance Office. *See* Md. Corr. Servs., Code Ann. §§10-206, 10-210; COMAR, tit. 12 §§ 07.01.03 and 07.01.05B.

Complaints are reviewed preliminarily by the Inmate Grievance Office ("IGO)"). *See* Md. Corr. Servs., Code Ann.. §10-207; COMAR, tit. 12 §07.01.06A. If a complaint is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. Md. Corr. Servs., Code Ann. §10-207(b)(1); *see* COMAR, tit. 12 §07.01.07B. The order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. Md. Corr. Servs., Code Ann.. §10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* Md. Cts. & Jud. Proc., Code Ann.. §10-208(c); COMAR tit. 12 §07.01.07-.08. The conduct of such hearings is governed by statute. *See* Md. Corr. Servs., Code Ann. § 10-208.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. However, a decision concluding that the inmate's complaint is wholly or partly meritorious constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* Md. Corr. Servs., Code Ann. §10-209(b)-(c).

The final agency determination is subject to judicial review in Maryland State court, so long as the claimant has exhausted his/her remedies. *See* Md. Corr. Servs., Code Ann. §10-210. An inmate need not seek judicial review in State court in order to satisfy the PLRA's administrative exhaustion requirement. *See, e.g., Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court.").

Defendants demonstrate that plaintiff failed to exhaust his administrative remedies as to all of his claims. Plaintiff responds by claiming that he exhausted his administrative remedies as to his claims against Dayena Corcoran and Sgt. Fisher regarding the flooding of his cell. ECF 33, p. 2. These claims, however, cell are not the claims before the court. Plaintiff's complaint concerned claims of systemic, ongoing and repeated violations of plaintiff's civil rights and rights under the Americans with Disabilities Act and Rehabilitation Act arising from his multiple physical impairments. It is clear that plaintiff failed to institute or complete the ARP process as to the complaints raised in his original complaint. As such, the claims are unexhausted and his complaint is subject to dismissal.

## VI. Conclusion

For the aforementioned reasons, defendants' motion to dismiss, or in the alternative motion for summary judgment, construed as a motion for summary judgment, shall be granted. A separate Order follows.

7/28/17
Date

J. Frederick Motz
United States District Judge

12